## IN RE GILBERT.

### ON RULE TO SHOW CAUSE.

Argued January 16, 1928.—Decided January 23, 1928.

1. The right of one who was a master in the federal court to retain money paid him by a party in excess of the compensation found permissible by this Court, cannot be determined by a state court in a suit between the master and such party. P. 9.
2. A master cannot rightfully accept or retain anything as compensation unless sanctioned by proper order of court. P. 9.
3. Respondent, as master in equity suits, was allowed fees which, by direction of the District Court, were paid by the successful plaintiffs before the time for appeal expired and were taxed against their opponents. On appeals by the latter, this Court decided that the fees were excessive and were awarded by the District Court in abuse of its judicial discretion. Upon return of the cases, the fees were retaxed against the defendants in the maximum amounts permitted by this Court's decision, but the respondent did not repay the excess to the successful plaintiffs, nor seek any further direction from either court respecting it. *Held,* that it was respondent's imperative duty to return the excess to the parties who paid it, whether they required it or not, together with six per cent. interest thereon from the date when the decision of this Court fixing the amounts allowable was announced; and that his conduct in retaining the excess was not "upright and according to law"—the words of the oath taken at his admission to practice before this Court. P. 9.

RULE, 275 U. S. 499, upon the respondent to make report of the fees and allowances paid him as master in several cases in the District Court, and the amounts, if any, repaid by him, and, if he received compensation in excess of the amounts heretofore limited by this Court, to show cause why he should not be disbarred and punished for contempt.

*Mr. James M. Beck* for respondent.

MR. CHIEF JUSTICE TAFT announced the opinion of the Court.

Under our order of November 21st, 1927, the clerk· issued a rule to the respondent, Abraham S. Gilbert, of New York City, a member of this bar, which directed—

That he make written report to this Court showing what fees or allowances have been paid to him (also when and by whom paid) for services as master in the several causes reviewed here during the October term, 1921, and reported in 259 U. S. 101, under the following titles: *Newton, as Attorney General of the State of New York, et al.,* v. *Consolidated Gas Company of New York; Same* v. *New York & Queens Gas Company; Same* v. *Central Union Gas Company; Same* v. *Northern Union Gas Company; Same* v. *New York Mutual Gas Light Company; Same* v. *Standard Gas Light Company of the City of New York; Same* v. *New Amsterdam Gas Company; Same* v. *East River Gas Company of Long Island City.*

That he likewise report whether he has returned or repaid any portion of the fees or allowances received by him as such master, with dates and names of the parties. That if he has received fees or allowances as master in any of the specified causes exceeding the maximum amount held by us to be permissible, and has not returned or repaid the excess, then he shall show cause why his name ought not to be stricken from the roll of attorneys permitted to practice here and he be punished for contempt or otherwise dealt with as the circumstances may require.

On the return day, January 16, 1928, Gilbert presented himself, filed a written report, and was heard through counsel.

He asserts that he received as fees for services as master in the eight above-mentioned causes a total of $118,000; he sets out their several amounts and shows by whom and when they were paid. He avers that no one of the Gas Companies which paid these fees has ever questioned the amount or asked return of any portion, and says that he believes it was proper for him to retain them, notwithstanding they greatly exceeded what we declared permissible. But, he further says, that if this Court, after viewing his response, should conclude that he is under legal or moral obligation to return any part of them, he is willing so to do.

In December, 1921, the District Court for the Southern District of New York made allowances to respondent for services as master in each of the above-mentioned causes and directed that they be paid by the complaining corporations respectively and thereafter taxed as costs against the defendants, the Attorney General of New York and others. In obedience to such orders and before the time for appeal expired, these were paid, as follows: By Consolidated Gas Co., Dec. 13, 1921, $57,500.00; By N. Y. & Queens Gas Co., Dec. 16, 1921, $12,500.00; By Central Union Gas Co., Dec. 16, 1921, $12,500.00; By Northern Union Gas Co., Dec. 13, 1921, $7,500.00; By N. Y. Mutual Gas Light Co., Dec. 16, 1921, $11,500.00; By Standard Gas Light Co., Jan. 13, 1922, $7,500.00; By New Amsterdam Gas Co., Jan. 13, 1922, $4,500.00; By East River Gas Co., Jan. 13, 1922, $4,500.00.

The Attorney General and other defendants insisted that the allowances were excessive. The District Court overruled their objections; the matter came here and was decided May 15, 1922, 259 U. S. 101. We held that in the Consolidated Gas Company's case twice too much had been allowed and in the other causes three times too much—that the total compensation should not exceed $49,250. And further, that in making these awards the District Court abused its judicial discretion. Accord-

ingly, we reversed the challenged decrees and remanded the causes with instructions to fix respondent's compensation within the following limitations: " In the cause wherein the Consolidated Gas Company is appellee here (No. 750) not exceeding $28,750—one-half of the amount heretofore allowed; in each of the other seven causes, Nos. 751, 752, 753, 832, 833, 844 and 845, not exceeding one-third of the amount heretofore allowed therein; and in the eight cases allowances totaling not more than $49,250." We also directed " such further action in conformity with this opinion as may be necessary."

Upon receipt of the mandates, issued here June 19, 1922, the District Court ordered that the master's fees to the extent of the maximum permitted by us should be taxed against the several defendants as costs. Respondent made no effort to secure any further orders or direction by the District Court or this Court.

More than a year thereafter—December, 1923—apparently moved by published criticisms, respondent instituted a proceeding against the Consolidated Gas Company in the Supreme Court of New York under Sec. 473, New York Civil Practice Act, wherein he sought and obtained a declaratory judgment reciting that that Company had no valid claim against him for return of any part of the $57,500 which it had paid. This proceeding was ill-advised, or worse, and the pronouncement therein cannot aid him here. The state court had no power to determine the matter now before us.

Upon announcement of our opinion, May 15, 1922, it became the imperative duty of respondent immediately to return the fees received by him so far as they exceeded what we declared permissible. It is now his duty, without further delay, to return this excess with interest thereon at 6 per centum, from May 15, 1922.

When respondent accepted appointment as master he assumed the duties and obligations of a judicial officer. He could not rightfully accept or retain anything as com-

pensation unless sanctioned by proper order of court. Reception then or now of a gratuity from any party would be indefensible, and whether or no the corporations which paid him by direction of the court are satisfied with the result is now unimportant. He has long been an attorney and counsellor authorized to practice at this bar under the sanction of an oath to demean himself "uprightly, and according to law." Notwithstanding the adjudication here that excessive fees had been allowed by orders granted in abuse of judicial discretion, he has retained them for more than five years. He knew that he had got unearned money by improper orders of court, but he decided to keep it. Such conduct is far from "upright and according to law" within the fair intendment of those terms.

Further action will be postponed until Monday, February 20th, 1928. The respondent will present himself at that time and report in writing concerning efforts made to comply with his obligations.