Owes" McG-rvEKtsr, J.
This is an application to confirm the report of a Referee and for approval of a proposed compromise of a consolidated stockholders’ derivative action, brought on behalf of Alleghany Corporation. The settlement, the fairness of which is before this court, consists of certain original terms, later increased by an augmented offer of the defendants. By the terms of this amended settlement proposal, the defendants are to pay as follows: the sum of $1,000,000 in cash to Alleghany; rescind the exchange by Alleghany of 130,000 common voting shares of Investors Diversified, Inc. stock for 130,000 nonvoting Class A shares of Investors Diversified, Inc. stock; and amend a loss guarantee agreement running from the Murchison Brothers to Alleghany so as to apply separately rather than in the aggregate to each of certain joint ventures between Murchison Brothers and Alleghany.
In reaching a determination as to whether or not the proposed agreement of settlement is worthy of judicial approval, this court must weigh the benefits held forth by the agreement of settlement against benefits dependent on the likelihood of recovery upon the plaintiffs’ cause of action (Shielcrawt v. Moffett, 59 N. Y. S. 2d 619, 621) keeping in mind that agreements of compromise are generally favored by the courts (Weil v. Weil, 227 App. Div. 378, 385 [1st Dept.]) in order to avoid the determination of sharply contested and dubious issues (Matter of Prudence Co., 98 F. 2d 559, 560, cert, denied sub nom. Stein v. McGrath, 306 U. S. 636). Every proposed settlement in this type of litigation constitutes a compromise in *899 which each of the parties expects to make some surrender, in order to prevent costly and protracted litigation. And in determining the plaintiffs’ chance of success upon the issues presented and a correlative conclusion drawn as to the fairness and reasonableness of the proposed compromise, it is not incumbent upon this court “ to balance the scales with the nicety of an apothecary” (Shielcrawt v. Moffett, supra, p. 621).
However, this court is the beneficiary of a lucid, painstaking and comprehensive report of a Referee achieved after protracted hearings which more nearly resembled a trial on the merits than on the adequacy of the proposed settlement. These hearings conducted over a period of 35 days, wherein seven witnesses for the proponents of the settlement and 11 for the objectants were heard, are reflected in some 4,600 pages of testimony and some 480 exhibits.
The Referee has concluded, that viewed in the light of the current probability of success or failure of the various causes of action alleged in the consolidated complaint, the amended offer of settlement constitutes a fair, reasonable and adequate basis for a settlement of this litigation, and is worthy of judicial approval, and that it would be for the best interests of Alleghany and its stockholders to have this settlement judicially approved, so as to bring an end to this protracted litigation with its attendant expenses and constant demands upon the time of Alleghany’s officers.
As against the background of several other actions pending in the United States District Court for the Southern District of Hew York, and in the District Court of Rhode Island based upon substantially similar claims, counsel for the Rhode Island complainant has requested that the cause of action in Rhode Island be excluded from the proposed settlement made herein, in the event of judicial approval of the compromise. But since the purpose of a settlement is to effect a final disposition of all similar claims then pending, no cogent reason appears for excluding this cause of action from the settlement in the event of judicial approval of the compromise. Whether or not judicial approval of the compromise would constitute res judicata as to the litigation in the Rhode Island District Court, is a question not presently at issue and presumably that issue can be litigated in the forum in which the Kelly v. Young Rhode Island action, or any other action, is pending, following any judicial approval of the proposed settlement herein.
In sum, after consideration of all of the factors in this case, this court is of the opinion that the original stipulation of settlement herein, as now augmented by the latest- subsequent *900 offer of defendants, is fair and reasonable, was negotiated at arms’ length, is free from fraud or collusion and is in the best interests of the Alleghany Corporation and its stockholders. Accordingly, approval is accorded the proposed compromise, and the Referee’s report is confirmed and adopted as the decision of this court.
There is, however, as a practical matter, outstanding in the action of Breswick Co. v. Briggs in the United States District Court for the Southern District of New York a Federal court order dated October 27, 1955, enjoining the defendants from pleading as res judicata any judgment obtained here as a result of any settlement not negotiated with counsel for the Breswick plaintiffs, who now constitute the principal objectants to the confirmation of the report of the Referee. And the same Referee herein was appointed Special Master to hear and report as to whether or not said injunction should be vacated or modified. The Special Master has recommended its vacatur.
If the Federal injunction remains in effect, there will be an impediment to the conclusion of any proposed settlement which may be judicially approved herein, more particularly with respect to the general release required to be given by Alleghany under the terms of the written stipulation of settlement dated July 25, 1955, now augmented. Wherefore, this court at this time merely passes upon the propriety of the proposed settlement and approves the same. Until, however, an order has been entered in the Federal court vacating the injunction, no order upon this instant decision of this court may be entered. Upon proof by affidavit of the happening of such event, an order based upon the decision herein made may then be settled on notice.
In the event the Federal court rejects the Master’s recommendation and fails to vacate such injunction, the parties may make further application in this court for such further action or relief as they may deem appropriate.