Henry Clay Greenberg, J.
The court has before it for conformation the report of Harry Harris, Esq., the Referee, recommending approval of a proposed settlement of 13 actions pending in this court against 10 Tudor City corporations, *52 each the owner of a separate building or unit in Tudor City, Fred F. French Investing Company, Inc. (“Investing”) and its wholly owned subsidiary Fred F. French Management Company, Inc. (“Management”). There has been consolidation in some form of the actions, though in certain instances only certain of the actions were consolidated with others. The settlement, however, is intended to dispose of all the actions.
The actions assert three basic claims involving each of the 10 units (1) representatively, on behalf of stockholders, compulsory dissolution and liquidation of each unit is sought; (2) representatively, on behalf of stockholders, injunctive relief is sought against the continuance of management arrangements between Investing and Management and each unit and against the purchase by each unit and the other defendants of stock of the unit and (3) derivatively in the right of each unit relief is sought in the form of an accounting and damages from Investing and Management for their profits and the unit’s losses and an injunction against the continuance of the management arrangements.
The comprehensive report of the Referee discusses every aspect of the case relevant to the settlement so fully that there is no need here to do more than state in outline the essentials of the settlement and to deal with the principal objections to its approval.
The settlement provides for the payment by Investing of a stated amount to each of the units, the aggregate of these payments being $100,000; the extension of the term of the present leasehold arrangements between Management and the units and the reduction of the charges to be made to the units by Management for its services; the payment by Investing to the units of 10% of the gross rentals derived by Investing from the leasing of furniture to tenants in the units; the payment by the units to Investing for the use of park areas available to the tenants of the units of taxes, maintenance expenses and 4%% of the assessed valuation of these areas, such payment being more than that heretofore paid by the units. Appropriate agreements and releases are to be executed and provision is made for the payment of expenses and allowances to be fixed by the court, and the settlement itself is, of course, subject to the court’s approval. Each of the foregoing terms is treated in detail in the Referee’s report.
It is self evident that any settlement expresses the will of the litigants to compose their differences rather than risk judicial determination of the controversy and possible complete *53 victory or defeat for one party or the other. The court in passing on the fairness of a proposed settlement must evaluate the claims asserted and satisfy itself that the settlement is a reasonable adjustment of those claims,- weighed in the light of all the circumstances. The guiding principles have been recently stated admirably by McGivern, J., in Zenn v. Anzalone (17 Misc 2d 897, 898, 899) as follows: “ In reaching a determination as to whether or not the proposed agreement of settlement is worthy of judicial approval, this court must weigh the benefits held forth by the agreement of settlement against benefits dependent on the likelihood of recovery upon the plaintiffs’ cause of action (Shielcrawt v. Moffett, 59 N. Y. S. 2d 619, 621) keeping in mind that agreements of compromise are generally favored by the courts (Weil v. Weil, 227 App. Div. 378, 385 [1st Dept.]) in order to avoid the determination of sharply contested and dubious issues (Matter of Prudence Co., 98 F. 2d 559, 560, cert, denied sub nom. Stein v. McGrath, 306 U. S. 636). Every proposed settlement in this type of litigation constitutes a compromise in which each of the parties expects to make some surrender, in order to prevent costly and protracted litigation. And in determining the plaintiffs’ chance of success upon the issues presented and a correlative conclusion drawn as to the fairness and reasonableness of the proposed compromise, it is not incumbent upon this court ‘ to balance the scales with the nicety of an apothecary ’ (Shielcrawt v. Moffett, supra).”
The Referee, applying these principles, has, upon searching analysis, reached the conclusion that the settlement is fair and should .be approved. I concur in his views and adopt his recommendation.
The objectants insist that the plaintiffs, if permitted to try the actions, would obtain judgment decreeing the dissolution of the various units. Realizing the possibly disastrous consequences of a forced sale on dissolution, the objectants suggest as an alternative reorganization through the transfer of the assets to a new corporation pursuant to subdivision 9 of section 105 the Stock Corporation Law. The Referee has, however, shown that the record here is so barren of ground upon which a court would wrest a corporation from the control of its stockholders and terminate its corporate being that the likelihood of the plaintiffs obtaining such a decree is most remote. Fontheim v. Walker (282 App. Div. 373 [1st Dept., 1953], affd. 306 N. Y. 926 [1954]) fully confirms the Referee’s view. In the circumstances, the fact that the settlement impedes the pursuit of this seemingly unattainable objective — dissolution — is no valid ground for its rejection.
*54 The Referee’s report renders superfluous any discussion of the adjustment of the management fees, furniture rentals and kindred items. It is sufficient to say that the settlement is a fair and reasonable compromise in the situation disclosed.
The contention that the court lacks jurisdiction to include the claims asserted in the derivative causes 'of action is without substance. Aware of the ruling in Brill v. Blakeley (281 App. Div. 532 [1st Dept., 1953], affd. 308 N. Y. 951 [1955]) the complaints were amended to assert the derivative causes of action. This was done openly with the avowed purpose of thereby disposing of these claims in the settlement and the various counsel were informed of what was being done. There is no cause for criticism and no sound reason why the amendments should not be given full effect. It follows that insofar as the settlement disposes of any claims so asserted by amendment of the complaints, the court possesses the necessary jurisdiction over them.
Fontheim’s contention that his Seventh Unit action, though consolidated with the Seventh Unit action of Certificate Associates, Inc., should be excluded from the settlement is immaterial. The Certificate Associates, Inc., action alleges both derivative and representative causes of action and approval of the settlement will, of course, dispose of the derivative claims so asserted and be res judicata, binding on all the stockholders of the Seventh Unit, including Fontheim. If, as Fontheim urges, his Seventh Unit suit does not allege a derivative cause of action, the settlement will dispose of the derivative claims relating to the Seventh Unit in the Certificate Associates, Inc., action. The exclusion of his suit from the settlement would thus not exclude the derivative claims from the settlement and merely be an idle gesture; hence his application for its exclusion is denied.
One further subject requires comment. The park rental provided for in the settlement is to continue through December 31, 1967 or, if sooner, until Investing shall cease to make the park areas available to the units. The objectants argue that the units have an easement in the park areas and that Investing is not free to deny the units the enjoyment of this easement. Investing does not admit the existence of this easement. The settlement does not commit Investing to make the parks available for any fixed period, nor does it commit the units to any recognition that Investing is not under obligation to make the parks available to them. The purpose was to leave this question completely open. To avoid any possible future *55 misconception, the order hereon will expressly declare that the settlement leaves this question as it now is, wholly unresolved, with all parties free to take such position on it as they may hereafter be advised.
Further discussion would unduly prolong this memorandum. The court has given full consideration to every contention made by the objectants both on oral argument and in the briefs and finds them not to meet the persuasive reasons stated in the Referee’s report for the approval of the settlement. The motion to confirm the Referee’s report is accordingly granted. The court commends the Referee for the care and thoroughness with which he has performed a difficult task.
Settle order.