Randolph PHILLIPS, Plaintiff,

v.

Harold K. BRADFORD et al., Defendants.

United States District Court
S. D. New York.
April 8, 1964.

**398**

Randolph Phillips, New York City, pro se.

Debevoise, Plimpton, Lyons & Gates, New York City, for Investors Diversified Services, Inc.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Investors Mutual, Inc.

RYAN, Chief Judge.

In this derivative stockholder's suit, defendant Investors Mutual, Inc., a "mutual fund", and defendant Investors Diversified Services, Inc., its investment adviser, have moved under Rule 56, F.R. Civ.P., for summary judgment on the basis of *res judicata* or collateral estoppel arising out of a judgment between the same parties in the New York Supreme Court and on the additional ground that the Court lacks jurisdiction to grant the injunctive relief sought under Section 2283, Title 28, U.S.C.

Although plaintiff individually was not a party to that suit—the stockholders of Mutual, of whom he is one and whom he here purports to represent, were—and it is urged that the judgment binding on them is binding on him under Stella v. Kaiser, 218 F.2d 64 (2nd Cir., 1954); and Israel v. Wood Dolson Co., 1 N.Y.2d 116, 119, 151 N.Y.S.2d 1, 134 N.E.2d 97.

The State Court suit was terminated by a Court approved settlement following a hearing before a Referee appointed by the Court in the case of Ackert v. Ausman, Index #14976/60.[1] A final judgment was entered on the settlement on September 12, 1963 and was unanimously affirmed by the Appellate Division, First Department, 247 N.Y.S.2d 999, on March 3, 1964. It is undisputed that not only as a shareholder of Mutual was plaintiff given notice of the settlement and State Court hearings on the settlement but that he filed an intention to appear at the hearing and a memorandum containing the charges of fraud and collusion, and then failed to appear, having made no request for an adjournment or extension of time. The hearing was held on April 9, 1963 and plaintiff's mother-in-law Willheim, who had also filed a notice of intention to appear and for whom plaintiff had been acting as "attorney in fact", was represented by counsel who opposed the settlement on her behalf. On closing the hearing, the Referee stated that it could be reopened for good and sufficient cause. Plaintiff sought no such reopening until after the Referee made his decision. Counsel for "Willheim" on April 16, 1963 filed a memorandum in opposition to the settlement. On April 26, 1963, plaintiff and "Willheim" filed a petition to remove the case to this Court; after hearing, the suit was remanded.

On May 31, 1963, Phillips filed a "bizarre proceeding" in the Court of Appeals of this Circuit to enjoin the defendants from pleading as *res judicata* the settlement proceedings before the State Court, Ackert v. Bryan 2nd Cir. #27240;

1. Ackert was a stockholders' derivative action commenced in the Supreme Court of the State of New York, New York County, against Investors Diversified Services, Inc. Ackert filed suit derivatively on behalf of Mutual and representatively on behalf of all its shareholders. Plaintiff Ackert filed and served a supplemental and amended complaint. On March 1, 1963, Ackert and defendants entered into a stipulation of settlement which was filed on March 5, 1963. The Supreme Court of the State of New York appointed a Referee to

conduct a hearing into the fairness, reasonableness and adequacy of the amended stipulation of settlement and to render report as to whether or not the proposed settlement should be approved and confirmed. This hearing was set for April 9, 1963. Notice of the proposed settlement and of the hearing was given to the shareholders of Mutual by mailing, on or before March 12, 1963, to all shareholders of record (including Randolph Phillips) at the close of business on February 28, 1963.

on July 18, 1963, the Referee's report was filed holding the settlement fair, reasonable and adequate; on July 31, 1963, Phillips filed the instant complaint and two days later, a petition to intervene in the State Court proceedings, attempting to excuse his failure to appear; at the hearing this was denied on August 23, 1963 because there was "no merit to the arguments put forward by this movant." An appeal from this denial has been dismissed.

On August 8, 1963 counsel for "Willheim" moved in the State Court to reopen the hearing before the Referee; the motion was denied. On September 16, 1963, the instant complaint was served on Mutual. Defendants later brought these motions for summary judgment, at which point plaintiff sought and received permission to serve an amended complaint, upon condition that the motions were to be deemed addressed to the amended complaint. The basis of the motions is that the charges now made in the complaint were actually raised before the Referee and at every step of the proceedings in the State Court and determined adversely to the plaintiff, thus barring any further judicial inquiry into them, on principles of *res judicata,* or at least on principles of collateral estoppel in that all of the controlling issues raised by the complaint were necessarily determined in the State Court suit.

Plaintiff's characterization of this suit as a "protective suit" in the event he or "Willheim" is unsuccessful in overturning the State Court judgment of approval, but one which it will become unnecessary to prosecute if successful, clearly supports the plea of *res judicata.* Plaintiff, in effect, admits the estoppel created by the judgment of the State Court—so long as it is favorable to plaintiff—but, if unfavorable, he chooses to ignore the finality of that judgment and proceed here collaterally to attack it. This, of course, he may not do. The finality of a judgment cannot depend on its popularity!

There is no dispute as to the essential facts.

■ The issues sought to be raised by plaintiff are whether Mutual and its shareholders were adequately represented in the State Court Ackert action; whether the hearing in the State Court action met constitutional due process requirements; and whether the State Court had jurisdiction—all of which are questions of law. In addition, plaintiff seeks to raise a question as to whether "the underlying issues of adequacy and legality on which the complaint is predicated" were raised before the Referee in the State Court—a question which is to be resolved from the record before the Referee. The only question of fact which emerges from plaintiff's statement is whether he ceased acting as "attorney in fact" for his mother-in-law on April 1 or April 5, 1963. Assuming this might be a "genuine" issue under some other circumstances; it is certainly not presented here since its determination one way or the other will have no effect whatsoever on the merits of plaintiff's claims. There is no question but that Phillips and Willheim and her counsel Frankel had notice of the settlement and of the hearing on it, and that they all were afforded ample opportunity to be heard in opposition. The first three "issues" plaintiff urges require no discussion. By order of the Supreme Court, full and ample notice of the settlement and hearing on it was given all interested parties and stockholders, informing them of their right to appear and to be heard. No stockholders other than "Willheim" appeared. Counsel for plaintiffs and defendants were heard; the finding of the Referee was that counsel used their best efforts in behalf of their clients and in negotiating the settlement.

■ There remains then only the question of whether the matters now pleaded were raised, could have been raised or were necessarily decided by the Referee. If they were, they may not again be reexamined by another Court.

The first count of the complaint alleges that the settlement of the representative and derivative suit filed by Ackert v. Mutual which has been carried out to a judg-

ment in the State Supreme Court violates the Investment Company's Act of 1940 (15 U.S.C. § 80a–1 et seq.), in that termination of the investment advisory agreement is tantamount to a penalty and a forfeiture of the settlement consideration of $170,000 annually, and that the continuation of the agreement with Investors Diversified Services, Inc., limits the free choice of the Fund to select its investment adviser. The first count further alleges that the release of Investors Diversified Services, Inc., by the Directors of the Fund is without consideration and therefore is a giving away of a Fund asset, and finally that the Supreme Court of the State of New York had no jurisdiction to approve the settlement, since the Securities and Exchange Commission had exclusive jurisdiction to except Investors Diversified Services, Inc., and the Fund from the provisions of the Act, as contemplated by the stipulation of settlement. By his amended complaint, plaintiff pleaded additionally a second count, charging that secret loans guaranteed by the Murchison Brothers, who controlled Investors Diversified Services, Inc., were made to the officers of Mutual, who were also officers of Investors Diversified Services, Inc., from funds of Mutual deposited with the Bank of Delaware in order to force purchases by these officers of Investors Diversified Services, Inc., stock; that consequently the officers of Mutual in violation of their fiduciary obligation to Mutual paid large investment advisory fees to Investors Diversified Services, Inc., and indirectly to the Murchisons; that none of these facts were disclosed to the shareholders of Mutual or to the Supreme Court of the State of New York and that Mutual's proposal to release the Murchisons without recouping from them their "ill-gotten gains" is a fraud on the stockholders of Mutual. A third count of the complaint questions the authority and power of plaintiffs and defendants to enter into the stipulation of settlement; and a fourth count charges that the terms of any future investment contract can be regulated at arms' length and that the

contract is therefore no consideration for defendant's release.

By way of relief, plaintiff in the instant suit seeks a judgment declaring the settlement and the State Supreme Court's judgment void for lack of jurisdiction and for violation of the Investment Company's Act, enjoining defendants from pleading *res judicata* and from enforcing the stipulation of settlement and enjoining Mutual from delivering any release under the settlement.

The complaint seeks to attack the legality and adequacy of the settlement. The adequacy and legality of the settlement was determined by the approval of the settlement by the Referee, by the Court when it entered the Final Judgment on the Referee's Report, and by the Appellate Division of the New York Supreme Court when it affirmed the judgment. The adequacy and legality of such a settlement is assured by the requirement of judicial approval. The specific charges pleaded in the first count of the complaint were repeatedly made and rejected by the State Court in the proceedings had on the Ackert settlement.

On August 2, 1963 counsel for plaintiff's mother-in-law filed in the State Court a "Memorandum in Opposition to Motion to Confirm the Referee's Report." Point III of that memorandum, entitled "The Proposed Settlement is Illegal as Violating Sections 15(a) (2)–(3) Of The Investment Company Act", attacked the settlement on the ground that it contemplated the prohibited payment of a "penalty" by Mutual. Plaintiff Phillips on the same day moved to intervene as a stockholder objectant. In his supporting affidavit, plaintiff stated to the State Court:

"I also oppose approval and confirmation of the Referee's Report on all of the grounds stated in the brief being filed on behalf of Objectant Else Willheim."

Phillips' motion for leave to intervene was denied on August 23, 1963 by Justice Klein on the ground that there was " * * * no merit to the arguments put forward by this movant."

Willheim also moved on August 2, 1963 in the State Court for an order in effect requesting the Securities and Exchange Commission to file an advisory report on the penalty issue and on any other issues deemed advisable or, alternatively, for a stay of all proceedings in the Ackert action pending final determination by this Court of the penalty question raised in Glicken v. Bradford, 35 F.R.D. 144, the similar action pending in this Court involving Investors Stock Fund, Inc., which has now been disposed of by a judicially approved settlement. This motion was denied in all respects.

The "adequacy" of the settlement—and whether it constituted a fraudulent conversion under Section 37 of an asset belonging to Mutual, a bartering away of the claims by Mutual's individual directors in violation of Sections 15(a) (2) and (3), 36, 37 and 47(a) and (b), and an improper release of the claims against Mutual's Directors—was also fully considered. It was raised by Phillips initially in his notice of intention to oppose, argued at the hearing by Willheim, briefed in opposition to the settlement, and urged in the motion to intervene. It lay at the very heart of the settlement.

Similarly, the secondary issue of whether the settlement was tainted with fraud or collusion was resolved by the Referee and by the State Court. The Referee concluded at page 37 of his report:

"The witnesses categorically denied any collusion or fraud in the settlement negotiations and stated that no party to the negotiations received or was promised any consideration other than what is expressly set forth in the Stipulation of Settlement. Having listened to the witnesses and observed their demeanor, and giving consideration to the surrounding circumstances and the documentary evidence, I find and report that the settlement negotiations were conducted vigorously, at arm's length and in good faith, that they were free of fraud and collusion, and that

plaintiff's counsel, assisted by counsel for Mutual, used his best skill and his most vigorous efforts to secure for Mutual the best settlement he deemed achievable."

The matters raised by the second count are but another way of charging fraud, inadequacy or illegality—which, as we have seen, were issues in controversy in the State Court and issues which were adjudicated.

The details of the charges of excessive fees, fraud on the stockholders and inadequate consideration are now lodged in some alleged loans and guarantees, factual details which plaintiff did not resort to, when attacking the settlement in the State Court.

There is no question but that plaintiff knew of these alleged loans upon which he has based the second count of his present complaint as far back as 1960 and that he did not appear to urge them in opposition to the settlement. This knowledge is a matter of record. First, in 1960, Phillips was Chairman of the Investors Diversified Services, Inc. Finance and Law Committee, when the questioned acts allegedly took place and, as such Chairman, he was aware of them and of the fact that a Special Committee upon counsel's recommendation filed a report concluding that no action should be taken—a report which was adopted by the Board of Directors of Mutual. Second, these loans and the facts surrounding them were disclosed in Ackert v. Ausman, D.C., 217 F.Supp. 934 (since then transferred to Minneapolis) as the basis for a proposed amended complaint adding the two Murchisons as parties-defendants; the amendment, however, was never made upon plaintiff's counsel's conclusion after reading the report of the Special Committee that there was no merit to the charges. Third, Phillips has repeatedly unsuccessfully attempted to raise the matter in the Supreme Court in Murchison v. Alleghany Corp., 27 Misc. 2d 290, 210 N.Y.S.2d 153 without disclosing to the Court the report of the Special Committee, a maneuver which the Court found "regrettable" (27 Misc.

2d 290, 295, 210 N.Y.S.2d 153), and again and again in his numerous suits in this and other Courts. Finally, these very facts were in two exhibits before the Referee on the settlement hearing; and were used by Willheim in opposition to the settlement and as a basis for re-opening the Referee's hearing, and as a basis for Phillips' motion to intervene, all of which were denied.

It is clear that they are but different aspects of the same controversy which has been finally disposed of by a State Court judgment and which may not be impeached. Dana v. Morgan, 2 Cir., 219 F. 313, aff'd 2 Cir., 232 F. 85; Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456; Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 195; Zdanok v. Glidden Co., 2nd Cir., 327 F.2d 944.

The third and fourth counts merit no consideration and are similarly disposed of by the State Court judgment.

The complaint is dismissed with costs. The Clerk is directed to enter judgment for the defendants.