Morris SMITH, Elizabeth Most, and David Wiener, individually and on their own behalf and that of all shareholders of Alleghany Corporation similarly situated and derivatively on behalf of Alleghany Corporation, Plaintiffs,

v.

Robert J. FITZSIMMONS, Allan P. Kirby and Alleghany Corporation, Defendants.

No. 66 Civ. 1638.

United States District Court
S. D. New York.

Feb. 7, 1967.

Robert L. Bobrick, New York City, for plaintiffs.

Milton Pollack, New York City, for defendant Robert J. Fitzsimmons.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Allan P. Kirby.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, for defendant Alleghany Corp., Mark F. Hughes, Vincent R. Fitzpatrick, Anthony F. Phillips, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendants Kirby, Fitzsimmons and Alleghany Corporation move pursuant to Rule 12 and Rule 56 of the Federal

Rules of Civil Procedure to dismiss the complaint, and plaintiffs move for summary judgment pursuant to Rule 56 on "count" one of the complaint. Defendants' motion to dismiss the complaint is granted and plaintiffs' motion for summary judgment is denied.

In his farewell address to the Congress of the United States, General MacArthur remarked that, "Old soldiers never die; they just fade away." The plaintiffs, stockholders of Alleghany Corporation (Alleghany), champion the notion that old lawsuits never die; nor do they fade away. They seek to resuscitate a long and bitter litigation in which their corporation sought unsuccessfully to set aside a prior settlement of a derivative action instituted by other stockholders of Alleghany against Kirby and others. Alleghany Corp. v. Kirby, 218 F.Supp. 164 (S.D.N.Y.1963), aff'd, 333 F.2d 327 (2d Cir. 1964), aff'd en banc, 340 F.2d 311 (1965), cert. dismissed as improvidently granted, sub nom. Holt v. Alleghany Corp., 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966).

The history of the prior litigation and the IDS transaction which led to it are set forth in full in Judge Dawson's opinion reported at 218 F.Supp. 164 and in the opinions in the Court of Appeals of Judges Moore, Kaufman and Friendly reported at 333 F.2d 327, and therefore need no repetition here. However, a comment of Judge Moore is particularly appropriate to the present action:

> "Were every settlement which had been carefully examined and judicially approved to be vacated at the behest of some subsequent corporate champion who brings forth certain documents which he claims might have so influenced the court that the settlement might not have been approved, there would be no finality to any litigation whether by settlement or by judgment." (333 F.2d 327, at 334)

The champions here are stockholders of Alleghany who now seek to step in where their corporation failed. They have no documents to offer which might have influenced the New York Supreme Court's approval of the 1958 settlement. (Zenn v. Anzalone, 17 Misc.2d 897, 191 N.Y.S.2d 840 (Sup.Ct.N.Y.Co.1959).) Instead, plaintiffs baldly assert, without factual support, that the defendant Fitzsimmons (the Referee in Zenn and the Special Master in this court in Breswick & Co. v. Briggs, 135 F.Supp. 397 (S.D.N.Y.1955)) had an "interest" in approving the Zenn settlement, was guilty of allegedly improper conduct, and generally was guilty of fraud.

The three stockholder plaintiffs are Morris Smith, alleged to be a citizen of Pennsylvania; Elizabeth Most ·(who appears to be the wife of plaintiffs' attorney) and David Wiener, alleged to be citizens of New York. Alleghany is a Maryland corporation having its principal office in New York, and defendant Fitzsimmons is alleged in the complaint to be a citizen of New York, so diversity of citizenship exists only with respect to plaintiff Smith. According to the complaint, Smith has been the beneficial owner of five shares of common stock of Alleghany since 1959; Most, the beneficial owner of 20 shares of common stock since 1962; and Wiener, the beneficial owner of 10 shares of preferred stock since 1960 and 50 shares of common stock since 1956. It should be noted parenthetically that none of the plaintiffs were stockholders of Alleghany in 1955 when notice of the proposed settlement in Zenn was sent to all stockholders (333 F.2d 327, at 329) and, consequently, their claim that they received no notice of the settlement finally approved in 1959 and of the $125,000 allowance to Fitzsimmons is lacking in merit. Similarly, plaintiffs' alleged lack of notice of the Alleghany v. Kirby litigation does not aid them here, particularly in view of the evidence that Randolph Phillips, a principal figure in Alleghany v. Kirby, is their "consultant" in this lawsuit.[1]

---

1. In the proceedings in Alleghany v. Kirby before the Supreme Court resulting in the dismissal of writs of certiorari as improvidently granted (Holt v. Alleghany

In the first "count" of their complaint, plaintiffs allege that defendant Fitzsimmons applied for, in *Zenn,* and pursuant to an order of the Supreme Court, New York County (McGivern, J.), received compensation in the amount of $125,000 for his services as Referee in *Zenn* and as Special Master in *Breswick.* Plaintiffs seek to recover on behalf of Alleghany the $125,000 paid to Fitzsimmons and seek to have the order declared null and void. Plaintiffs argue that this court has jurisdiction to set aside an order of the State court because of Fitzsimmons' alleged misconduct in connection with his allowance and because under Rule 53(a) of the Federal Rules of Civil Procedure the State court had no power to make an allowance to Fitzsimmons for his services as Special Master in *Breswick.*

The alleged acts of misconduct are: first, that Fitzsimmons consulted secretly with Ireland, an attorney representing Kirby and Alleghany, and then communicated the fact of his "secret" consultation to Judge McGivern *ex parte;* second, that due to the conflicting interests of Alleghany and Kirby with respect to who would pay Fitzsimmons' compensation, the representation of Alleghany and Kirby by the same attorneys deprived Alleghany of independent counsel; and third, that Fitzsimmons based his application for compensation as Referee and Special Master on the value of the ultimate settlement in *Zenn.*

■ Whether the question of setting aside the State court order granting Fitzsimmons compensation is governed by State law (see Alleghany v. Kirby, 218 F.Supp. 164, 183–184) or by Federal law because of plaintiffs' argument based on Rule 53 (see 7 Moore, Federal Practice ¶ 60.37(3), at 634 (2d ed. 1966)), plaintiffs have failed to state a claim upon which relief can be granted.

The allegations of misconduct relate to matters that were known by the litigants and by the court in *Zenn.* Consequently, there is no basis for an independent action in equity. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891); United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878); Crouse v. McVickar, 207 N.Y. 213, 100 N.E. 697 (1912); In re Adoption of Brundage, 134 N.Y.S.2d 703 (Sup.Ct.Orange Co. 1954), aff'd without opinion, 285 App. Div. 1185, 143 N.Y.S.2d 611 (2d Dept. 1955).

■■ Plaintiffs' argument based on Rule 53(a) amounts to no more than a claim that the State court committed error in its award of compensation to Fitzsimmons. Even if the State court

Corp., 384 U.S. 28, 86 S.Ct. 1250, 16 L. Ed.2d 335 (1966)), a brief was filed for Randolph Phillips as *amicus curiae* urging reversal.

An affidavit submitted in support of the motion by Kirby to dismiss the complaint includes a copy of a letter dated May 31, 1966 from Mr. Phillips to Ira Leeman, an attorney, enclosing an authorization form for use by Mr. Leeman's client, Mr. Colombo, presumably a stockholder of Alleghany. The authorization form would authorize Mr. Bobrick, the attorney for the plaintiffs herein, to file a complaint in Mr. Colombo's name, and Mr. Phillips' letter states that, "it will be necessary for Mr. Colombo to meet Mr. Bobrick and verify that he is a stockholder and has been one since at least 1951." The letter goes on to say that "Mr. Bobrick, incidentally, is the husband of Dr.

Most [one of the plaintiffs in this action] as well as her attorney, and I [Phillips] am their consultant."

Mr. Colombo also received a circular letter and proxy statement addressed to the stockholders of Alleghany from Dr. Elizabeth Most, dated May 12, 1966, the purport of which was to solicit the stockholders to institute legal proceedings to set aside the 1950 IDS transaction, and which state, after referring to Alleghany v. Kirby, that,

"The case therefore is terminated unless new evidence is found or new legal issues presented to cause its reopening. We propose to retain new attorneys and experts for that purpose." The new attorney is Dr. Most's husband; the consultant is the same Mr. Phillips; and the new "evidence" is defendant Fitzsimmons' alleged fraud.

was wrong in considering Fitzsimmons' services as Special Master when determining the amount of the allowance to be made (see In re Gilbert, 276 U.S. 6, 48 S.Ct. 210, 72 L.Ed. 441 (1928); cf. Leiman v. Guttman, 336 U.S. 1, 69 S.Ct. 371, 93 L.Ed. 453 (1949); Brown v. Gerdes, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659 (1944)), relief was available by appeal seeking a reduction in the allowance and a direction that Kirby pay part or all of any allowance that was made. See Sheriff v. Heyman, 23 A.D.2d 555, 256 N.Y.S. 2d 641 (1st Dept.), aff'd without opinion, 16 N.Y.2d 944, 264 N.Y.S.2d 928 (1965); Cross Properties, Inc. v. Gimbel Brothers, Inc., 15 A.D.2d 908, 225 N.Y.S.2d 1019 (1st Dept. 1962). Under neither Federal nor State law can an independent action be maintained for the purpose of reviewing and correcting error in a final judgment. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L. Ed. 207 (1950); United States v. Borchers, 163 F.2d 347 (2d Cir.), cert. denied, 332 U.S. 811, 68 S.Ct. 108, 92 L.Ed. 389 (1947); Herpe v. Herpe, 225 N.Y. 323, 122 N.E. 204 (1919); Fisher v. Hepburn, 48 N.Y. 41 (1871); West 158th Street Garage Corp. v. State, 256 App. Div. 401, 10 N.Y.S.2d 990 (3d Dept. 1939).

The second "count" of the complaint (charging defendant Fitzsimmons with violating Section 14 of the New York Judiciary Law, McKinney's Consol. Laws, c. 30) alleges that he was "interested" in the matters which were at issue in Zenn and Breswick, that Kirby's counsel wrote the report Fitzsimmons submitted as Referee in Zenn, and sets forth various quotations from the Court of Appeals' opinions in Alleghany for the purpose of showing that the approval of the Zenn settlement in Alleghany was a close question. Based on the allegations of the second "count," plaintiffs seek a judgment rescinding the 1950 IDS transaction which was the subject matter of the settlement in Zenn, or an award of damages against Kirby "measured by the value of a rescission of said transaction."

■■ The third and fourth "counts" of the complaint are largely a reiteration of the allegations in the first two "counts," with the addition of allegations of a conspiracy and of "overt acts" and allegations asserting violation of the rights of the plaintiffs "and the absent shareholders" of Alleghany under the 14th Amendment and 42 U.S.C.A. §§ 1983, 1985(2) and 1985(3). Based on these allegations, plaintiffs seek an order directing Kirby to reimburse Alleghany for its damages; a judgment declaring null and void the orders and judgments of the State court in Zenn and the releases delivered to Kirby as a result thereof; a preliminary and permanent injunction prohibiting Kirby from relying on the orders or judgments in Zenn to plead the defenses of res judicata or collateral estoppel; a declaratory judgment that the judgments of this court, the Court of Appeals and the Supreme Court in Alleghany v. Kirby were procured by fraud; and an order prohibiting Kirby from participating as a stockholder in any way in the damages adjudged payable to Alleghany.[2]

■■ By these allegations of misconduct on the part of Fitzsimmons, plaintiffs seek to reopen the extended

---

2. In their demand for relief, plaintiffs seek a declaratory judgment that the continued existence of Alleghany is against the public interest and the interest of minority stockholders and a judgment requiring the dissolution of Alleghany and the distribution of its assets on a fair and equitable basis. Under Maryland law there is no basis for this relief in the present action. See Art. 23 Maryland Code Ann. §§ 76–83; Coffman v. Maryland Pub. Co., 167 Md. 275, 173 A. 248 (1934); Howeth v. Coulbourne Bros. Co.,

115 Md. 107, 80 A. 916 (1911). In any event, since a Maryland corporation is involved, the relief could not be sought in the New York state courts (see Langfelder v. Universal Laboratories, Inc., 293 N.Y. 200 (1944); Adolph Meyer, Inc. v. Florists Telegraph Delivery Ass'n, 36 Misc.2d 566, 232 N.Y.S.2d 913 (Sup.Ct. Queens Co. 1962)) and consequently cannot be sought in this court. See Weiss v. Routh, 149 F.2d 193, 159 A.L.R. 658 (2d Cir. 1945).

litigation in *Alleghany* and to relitigate the question of whether the settlement in *Zenn* was procured by fraud. This was the same question Judge Dawson had before him in *Alleghany*, originally instituted as a derivative action in 1962 when plaintiffs Smith and Wiener were stockholders of Alleghany, and the attempt to litigate it again is barred by the doctrine of *res judicata*. As stockholders in Alleghany, plaintiffs are bound by the earlier litigation in Alleghany (E. g., Reiter v. Universal Marion Corp., 112 U.S.App.D.C. 68, 229 F.2d 449 (1962); Dana v. Morgan, 232 F. 85 (2d Cir. 1916); Phillips v. Bradford, 228 F.Supp. 397 (S.D.N.Y.1964); Grant v. Greene Consolidated Copper Co., 169 App.Div. 206, 154 N.Y.S. 596 (1st Dept. 1915), aff'd without opinion, 223 N.Y. 655, 119 N.E. 1046 (1918)) and the bar of *res judicata* extends to all matters which could have been litigated as well as to all matters actually litigated.[3] E. g., Nichols v. Alker, 231 F.2d 68 (2d Cir.), cert. denied, 352 U.S. 829, 77 S. Ct. 42, 1 L.Ed.2d 51 (1956); Stella v. Kaiser, 218 F.2d 64 (2d Cir. 1954), pet. for rehearing denied, 221 F.2d 115 (1955), cert. denied, 350 U.S. 835, 76 S. Ct. 71, 100 L.Ed.2d 745 (1955); Wolcott v. Hutchins, 245 F.Supp. 578 (S.D.N.Y.), aff'd, 365 F.2d 833 (2d Cir. 1966); Phillips v. Bradford, supra.

Despite the years of litigation involved in *Alleghany, Zenn* and *Breswick,* plaintiffs seek to again challenge the 1950 IDS transaction which was the subject of the *Zenn* settlement. A reading of the three opinions of the panel in the Court of Appeals in Alleghany v. Kirby (333 F.2d 327) where the panel split 2–1 in favor of affirming Judge Dawson, and the subsequent affirmance *en banc* by a 4–4 vote, indicates that the *Zenn* settlement was sustained in Alleghany v. Kirby by a close margin. Plaintiffs would tip the balance against the settlement by the straw of defendant Fitzsimmons' alleged fraud. However, plaintiffs offer nothing to support their charge which is emphatically denied by Fitzsimmons. Contrary to the complaint, the record is clear that Alleghany, through its attorneys, did actively contest the matter of Fitzsimmons' compensation. The opinions in the District Court and the Court of Appeals in Alleghany v. Kirby clearly demonstrates that the recommendations of defendant Fitzsimmons as Special Master received the most careful scrutiny.

Judge Moore's statement previously quoted is particularly apt here. Alleghany having had its day in court, was unsuccessful in its effort to set aside the *Zenn* settlement. Its stockholders are bound by the result. Otherwise, "there would be no finality to any litiga-

---

**3.** Plaintiffs argue that the bar of *res judicata* does not apply to their action because it is sanctioned under Rule 60(b) F.R.Civ.P. as an independent action in equity. Reliance is placed on such cases as Hazel-Atlas Glass Co. v. Hartford-Empire Co., supra, and others cited in 7 Moore, Federal Practice ¶60.-18(8) (2d ed. 1966). Plaintiffs' conclusory allegations that Fitzsimmons had a "hidden interest" in approving the *Zenn* settlement and was biased in favor of Kirby and that Kirby's counsel wrote Fitzsimmons' report, will not support the attempt here to circumvent the bar of *res judicata*. See Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S. Ct. 458, 67 L.Ed. 719 (1923); Nichols v. Alker, 235 F.2d 246 (2d Cir. 1956).

Although plaintiffs state that the basis for their action is fraud perpetrated in the *Alleghany* litigation, in substance their claim is that new evidence has been discovered which would have changed the result in *Alleghany* had it been introduced. However, no showing has been made that this "newly discovered evidence" could not have been presented in the original *Alleghany* litigation (compare Marshall v. Holmes, supra; United States v. Throckmorton, supra), and after one full opportunity for pre-trial discovery (Alleghany v. Kirby, 218 F.Supp. 164, 169) no reason appears for permitting depositions to be taken once again. Even if plaintiffs' "new evidence" would give them a better prospect of success, the reopening of a final judgment would not therefore be warranted. Pickford v. Talbott, 225 U.S. 651, 32 S.Ct. 687, 56 L.Ed. 1240 (1912).

tion, whether by settlement or by judgment."

This action which seeks to reopen the Alleghany litigation on the basis of conclusory and unsupported allegations of fraud hardly appeals to the conscience of a court of equity, particularly if there has been a solicitation of Alleghany stockholders, participated in by Mr. Phillips, for the purpose of bringing the action.

■ Defendants Fitzsimmons, Kirby and Alleghany's motion to dismiss the complaint is granted and plaintiffs' motion for summary judgment on the first "count" of their complaint is denied.[4]

Settle order on notice.

4. The defendants Fitzsimmons, Kirby and Alleghany have moved to strike interrogatories served upon them by the plaintiffs. Since the defendants' motion to dismiss the complaint has been granted, the defendants' motions to strike interrogatories have also been granted, though they will become moot on the entry of the order herein.