124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert A. BONITO.
James TOLEDANO; Robert A. Bonito, Plaintiffs-Appellants,
v.
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
Robert A. BONITO, Plaintiff-Appellant,
v.
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 Nos. 93-55765, 96-55928.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 10, 1997.
September 26, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. MISC. 23623-R; Manuel L. Real, Chief Judge, Presiding.
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,** Senior Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Before us are appeals from two sanctions orders by the district court for conduct occurring during discovery undertaken in California in connection with an action pending in the District of Connecticut ("the Connecticut action"). In the first action ("the Bonito and Toledano action"), attorney Robert A. Bonito and his attorney, James Toledano, appeal the district court's order assessing $8,797.13 in sanctions for their actions during a series of hearings held in California on Guardian Life Insurance Company of America's ("Guardian Life") sanctions motion in the Connecticut action. In the second action ("the Bonito action"), Bonito appeals an order assessing $756,772.16 in sanctions based on his conduct during the California discovery. We affirm.
 
 I. Jurisdiction
 
 5
 In both appeals, appellants argue that under the local rules, the district court lacked subject matter jurisdiction to award sanctions because the case was originally assigned to another district judge. This claim lacks any merit whatsoever. First, Bonito did not raise this issue before the district court or request that his case be transferred; hence we need not consider his argument. See, e.g., Speck v. United States, 59 F.3d 106, 109 (9th Cir.1995).
 
 
 6
 Second, we reject appellants' contention that assignment of a matter to a particular district judge is somehow akin to the exercise of subject matter jurisdiction. The power of federal judges to impose sanctions for abuses of process is quite broad. As long as a party receives an appropriate hearing, a court may even sanction the party for abuses occurring beyond the courtroom or before other tribunals. See Chambers v. Nasco, Inc., 501 U.S. 32, 57 (1991); Western Systems, Inc. v. Ulloa, 958 F.2d 864, 873 (9th Cir.1992). In addition, a court may impose sanctions "even in the absence of subject matter jurisdiction." Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 239 (D.C.Cir.1981). In this case, while the underlying litigation was pending in Connecticut, virtually all of the sanctionable conduct occurred in California, where discovery was taking place under the supervision of the district court. Moreover, all sanctions motions were properly before Judge Real pursuant to a referral order by Judge Eginton.
 
 
 7
 Finally, we decline to interpret Local Rules 4.2 and 4.3 to bar the district court from hearing the sanctions motions against Bonito. These rules are intended to prevent judge shopping, not to prohibit a judge from hearing a particular motion. See C.D.Cal.Local Rule 4.2.1 ("It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."); C.D.Cal.Local Rule 4.2.2 ("It shall be the duty of every attorney in any ... later-filed action [involving essentially the same claims and parties as an earlier action] to bring those facts to the attention of the Court ... by the filing of a Notice of Related Case(s) pursuant to Local Rule 4.3.1."). Judge Eginton found it appropriate to refer all sanctions motions relating to Bonito to Judge Real of the Central District of California because the representational status of Bonito during the time for which he was sanctioned was unclear and the evidence relating to his status was in California. We uphold the actions of both district judges.
 
 II. Due Process
 
 8
 Appellants also allege that they were denied due process in various ways before sanctions were imposed. In the Bonito and Toledano action, appellants contend that they did not receive proper notice and an opportunity to be heard. We have held that before sanctions are imposed, counsel must be given notice, an opportunity to prepare a defense and a hearing if requested. See Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522 (9th Cir.1983). Here, the district court provided appellants with these rights and more: it repeatedly told them of the charges against them, gave them ample opportunity to be heard at several hearings and did not impose further penalties on them until six weeks after they had failed to follow its orders. Moreover, the argument that Bonito was unable to pay the sanctions was not raised before the district court. We therefore reject appellants' due process claims.
 
 
 9
 In the Bonito action, the district court also provided adequate notice of the charges as well as a hearing at which Bonito was permitted to call witnesses and submit evidence. Furthermore, Guardian Life's motion for sanctions and supporting papers specifically delineated the charges against Bonito and thereby constituted adequate notice to him.
 
 
 10
 In addition, we reject Bonito's contention that he was denied due process because the district court did not review full deposition transcripts of the proceedings that were the subject of the sanctions. Such transcripts are not required by Local Rule 7.5.2, and the district court had before it substantial evidence of Bonito's discovery abuse. In any event, Bonito could have submitted the full transcripts if he so desired; he chose not to do so.
 
 
 11
 Bonito's claim that he was deprived of due process by not being able to interrogate Special Master Blush during cross-examination and/or pre-hearing discovery is equally without merit. The Local Rules do not provide for pre-hearing discovery in a case of this type, and Bonito cites no authority granting him such a right. Moreover, the district court appropriately exercised its discretion to prevent Bonito from questioning Special Master Blush about the basis for her report. See United States v. Morgan, 313 U.S. 409, 422 (1941) ("[T]he Secretary should never have been subjected to ... examination. The proceeding before the Secretary has a quality resembling that of a judicial proceeding. Such an examination of a judge would be destructive of judicial responsibility.") (internal quotation and citation omitted); In re Gilbert, 276 U.S. 6, 9 (1928) (master assumed duties and obligations of judicial officer).
 
 III. Legal Bases for Sanctions
 
 12
 Appellants claim that the district court had no legal authority for its awards of sanctions. The facts, however, suggest quite the contrary.
 
 
 13
 In the Bonito and Toledano action, the district court's power to sanction appellants derives from several sources. First, the district court had authority to sanction appellants under 28 U.S.C. § 1927, which allows a court to assess costs and expenses, including legal fees, upon any counsel who recklessly or in bad faith "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. See also Kanarek v. Hatch, 827 F.2d 1389, 1391 (9th Cir.1987). Second, under Local Rule 7.19, appellants were subject to sanctions at the court's discretion for filing their "Hearing Brief" on the day of the hearing in violation of Local Rule 7.6. See C.D.Cal.Local Rule 7.19 ("[T]he failure to comply fully with [Rule 7] subjects the offender at the discretion of the Court to the sanctions of Local Rule 27."). Lastly, the district court properly relied on its inherent power to sanction appellants for their abusive litigation tactics. See In re Akros Installations, Inc., 834 F.2d 1526, 1532 (9th Cir.1987). Bonito and Toledano acted in bad faith and caused unnecessary delay and expense to Guardian Life in connection with the April 26, 1993 hearing; the district court had ample legal authority to impose sanctions against them.
 
 
 14
 In the Bonito action, in addition to 28 U.S.C. § 1927 and a court's inherent power, the district court had authority to sanction Bonito under Federal Rule of Civil Procedure 37 for his failure to make disclosures or cooperate in discovery. Bonito's attempts to prevent meaningful discovery from his clients and his misconduct during the depositions overseen by the Special Master, among others, justifies the district court's award of sanctions. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980).
 
 IV. Amounts of the Awards
 
 15
 Appellants ask us to hold that the amounts of the sanctions awards are excessive and should not stand. We decline to do so.
 
 
 16
 Appellants never challenged the amounts of the awards in the district court and hence we need not consider their arguments in this regard. See, e.g., Speck, 59 F.3d at 109. Even if we were to reach this issue, however, we would uphold the awards because the evidence submitted does not indicate that the district court abused its discretion in any manner in calculating their amounts. See Chambers, 501 U.S. at 55 (inherent power); Salstrom v. Citicorp Credit Servs., 74 F.3d 183, 184 (9th Cir.1991) (28 U.S.C. § 1927). The district court appropriately considered what fees and costs were reasonably and necessarily incurred by Guardian Life as a result of appellants' misconduct.
 
 V. Other Issues
 
 17
 In the Bonito action, Bonito claims that Guardian Life did not present competent evidence in support of its request for sanctions. He also contends that Judge Eginton's "Findings of Fact" are not actual findings entitled to legal weight and that the Special Master could not issue her report nor was it admissible evidence. These arguments are wholly without merit and merely demonstrate Bonito's continued disrespect for the judicial process.
 
 
 18
 AFFIRMED. Appellants' request for costs and fees on appeal in No. 93-55765 is DENIED. Construing appellees' motion for sanctions in No. 93-55765 as a request for fees under Ninth Circuit Rule 39-1, the motion is granted and referred to the Appellate Commissioner for a recommendation as to amount.
 
 
 
 **
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3