# SUPREME COURT.

## MARTHA D. SMITH agt. GAMALIEL S. SMITH and others.

*Cause of action — Malicious abuse of process — Lis pendens — Complaint — Demurrer.*

An action on the case may be maintained to recover damages for wrongfully, maliciously and without reasonable or probable cause, filing a notice of *lis pendens,* whereby the plaintiff was prevented from selling her property. *

*Special Term, February,* 1878.

THIS is an action on the case to recover damages by reason of the defendants having wrongfully, maliciously and without reasonable or probable cause, filed in the clerk's office of the county of New York, a notice of pendency of action affecting the property of the plaintiff, described in the complaint, charging that said plaintiff was not the owner of the property, and that her title thereto was fraudulent against defendants, who claimed to be creditors of her husband. This notice of pendency of action was canceled by the defendants' own act prior to the commencement of this action.

The complaint alleges that, at the times hereinafter mentioned she was the owner, in fee simple, of house and lot (describing them) * * * . That said defendants, on the tenth day of July, 1873, through their attorney, duly authorized by them as this plaintiff is informed and believes, filed,

---

* See, to the same effect, the decision of the court of appeals of Kentucky, in *Wood* agt. *Furnell* (17 *American Law Register* [*New Series*], p., 689 ).

Smith agt. Smith.

or caused to be filed, in the county clerk's office, a notice of pendency of action, upon and referring to the complaint in a certain action then pending in the court of common pleas, wherein the said defendants were parties plaintiff and this plaintiff and others were made parties defendant, wherein and whereby it was, among other things, alleged in said notice that said action had been commenced, and was pending, to recover the interest of this defendant's husband in the premises, and which was the property of this plaintiff, and the complaint in which action, alleged and declared the said premises to be the property of said husband, and that her title to the same was fraudulent as against the said defendants, who claimed to be creditors of her said husband. That the statements and allegations contained in said notice so filed and in the complaint to which the same referred, charging this plaintiff with not being the owner of said lot of land and the building thereon, and that her ownership of the same was fraudulent and void as against the creditors of her husband, were, and are, wholly false and were made maliciously and with the intent to injure the said lot of land, and building, as well as this plaintiff, and to prevent her from selling the same. That, thereafter, and on the 27th day of June, 1874, the said notice of pendency of action was, by order of the court, canceled of record on application of defendants' attorney, whereby the same was wholly ended. That on or about August, 1878, and after the filing, as aforesaid, of the said notice, and before the same was canceled, this plaintiff had a *bona fide* offer and could have sold the said lot of land and the building thereon, together with the furniture therein contained, for the sum of $130,000, to one A. B. Rand, but that in consequence of said notice and the filing thereof, and the matters so set forth in said complaint, the said A. B. Rand refused to purchase the said lot and building and this plaintiff was prevented from effecting a sale thereof. That by reason of the premises and of the wrongful and malicious act of the said defendants in so filing said notice, this plaintiff lost the sale of the said lot and

building, and in consequence thereof, suffered damage in the sum of $50,000.

A demurrer is interposed by the defendant, Gamaliel S. Smith, on the ground that the complaint does not state facts sufficient to constitute a cause of action as to this defendant.

*Foster & Thompson*, for defendants.

*Geo. W. Carpenter*, for plaintiff. *Benjamin F. Carpenter*, of counsel, argued that it cannot be called strictly an action for malicious prosecution, or for slander of title, but rather an action on the case for abuse of process, having some of the elements of both of the former kinds of action.

It states but one cause of action, viz., to recover damages for the malicious act of the defendant in wrongfully using a notice of pendency of action, whereby the plaintiff was prevented from selling her property (*See Bebinger* agt. *Sweet*, 1 *Abb. N. C.*, 263). The notice of pendency of action affected the title of the plaintiff and gave notice to the world that she was a fraudulent owner, and was guilty of a misdemeanor under our statutes (*R. S.* [*6th ed.*], *p.* 969, *sec.* 3). This is analogous to an action for wrongfully suing out an attachment against property in a civil action. The party may proceed with his action, without attachment or *lis pendens;* but if he wrongfully issues either, whereby a defendant has sustained damage, he is liable. An action on the case lies wherever injury is effected by regular process of a court of competent jurisdiction (*Chitty's Pleadings*, vol. 1, *p.* 133 *and cases cited in note; Swan* agt. *Saddlemire*, 8 *Wend.*, 676 ; *Brown* agt. *Feeter*, 7 *id.*, 301). An action lies for maliciously suing out an attachment, and it is not necessary to allege the determination of the action (*Bump* agt. *Betts*, 19 *Wend*, 421). It is so in regard to *lis pendens*. When an attachment is set aside, or *lis pendens* is vacated, the party injured is not compelled to wait the determination of the action, but his cause

of action arises at once. It was the *lis pendens* that caused the plaintiff's damage, not the action in which it was used. When the *lis pendens* was canceled and annulled plaintiff's cause of action was perfect. A wrongful act has been done by the defendants, and, by reason of it, the plaintiff has sustained damage. There is no rule of law which prevents her recovery upon the admitted facts of the complaint.

LAWRENCE, *J.* — The demurrer to the complaint should, in my opinion, be overruled. As I view it, this is an action brought for the recovery of damages, resulting from the wrongful and malicious act of the defendants, in wrongfully using the process of the court, and thereby preventing the plaintiff from selling her property. In *Closson* agt. *Staples* ( 42 *Vermont*, *p.* 217), WILSON, J., delivering the opinion of the court, says : " The earlier English cases show very clearly, that before the statutes entitling defendants to costs, they had an action at common law for injuries sustained by reason of suits, *which were malicious and without probable cause.* It would seem, however, from more recent decisions, that the present English rule, which restricts or limits the right of action for maliciously prosecuting civil suits, without probable cause, stands mainly upon the ground that the costs which the statutes provide that the successful defendant shall recover, are an adequate compensation for the damages he sustains, but under their rule it does not appear that the right of action is restricted to those cases, when the process is by attachment."

After stating the mode of commencing suits, under the statutes of Vermont, the learned judge proceeds to say: " The principle of the common law, recognized by the English courts, before the statutes allowing costs to the defendants, and which gave a remedy for injuries sustained by reason of suits which were malicious and without probable cause, *is and ought to be operative still*, and we think it affords a remedy in all such cases where the taxation of costs, is not an adequate compensation for the damages sustained " (*P.* 219).

Smith agt. Smith.

. And again, " but where the damages sustained by the defendant, in defending a suit maliciously prosecuted without reasonable and probable cause, exceed the costs obtained by him, *he has, and of right should have, a remedy by action on the case* " (*P.* 221).

The opinion of the supreme court of Vermont, from which I have so freely quoted, ably discusses the points principally relied upon in the elaborate brief of the learned counsel for the defendants in this action, and the conclusions reached by the court seem to me to be in accordance with justice and legal principles (*See, also, Whipple* agt. *Fuller*, 11 *Conn.*, 581 ; *Bebinger* agt. *Sweet*, 1 *Abb. N. C.*, *p.* 263).

This case, as is contended by the plaintiff's counsel is analogous to the case of wrongfully suing out an attachment, against property in a civil action, and in such a case, an action lies (*Bump* agt. *Betts*, 19 *Wend.*, 421).

The defendants, by demurring to the complaint, have admitted that the alleged wrongful acts of the defendants were done maliciously, and without probable cause, as well as the allegation that the *lis pendens*, and the proceedings in regard thereto were ended.

I do not regard the other objections to the complaint as well taken. The demurrer is therefore overruled, with leave to the defendants to answer over within twenty days on payment of costs.