Lester Holtzman, J.
Defendants move to dismiss the complaint on the grounds that (1) no cause of action is stated, (2) section 74 of the Civil Rights Law bars the prosecution of the action, and (3) the defense is founded upon documentary evidence.
On November 4, 1965 the summons and complaint in the action entitled Universal Oven Company, Incorporated v. Richard Williams, Irwin Elliott and George White (hereinafter referred to as the “Universal action ”) was filed in the office of the Clerk of the County of New York. The complaint therein alleged that Richard H. Williams, the plaintiff herein, conspired with others to misappropriate and misuse plaintiff’s trade secrets and assets. The complaint in the instant action alleges that on November 12,1965 defendant Robert W. Williams, president of Universal Oven Company, and defendant Victor C. McCuaig, Jr., a director of the corporation, had copies of the summons and complaint in the Universal action printed and circulated these copies to members of the trade. The copies were accompanied by a cover letter signed by Mrs. Harry R. Williams, chairman of the board of directors, stating: “ We enclose for your information a copy of the summons and complaint on file in the Office of the Clerk of the County of New York in our suit against former employees and consultants of the Universal Oven Company.”
*1017 The instant complaint sets forth two canses of action. Plaintiff alleges as the gravamen of the first canse of action that “ 19. Upon information and belief, the defendants wilfully and deliberately caused said complaint to be widely circulated among the trade, none of whom were or are parties to said action, thereby constituting a perversion of said action from its proper purpose, with the intent and design to give publicity to the scandalous allegations therein contained, to attain an object beyond the proper scope of said complaint, to maliciously destroy plaintiff’s good reputation and to cause him mental anguish and other damage.”
The second cause of action sounds in traditional libel.
It is a general rule that no action will lie for defamatory statements contained in any document used in the course of a judicial proceeding and which are pertinent thereto. (Youmans v. Smith, 153 N. Y. 214.) Thus, it has been held that where the alleged defamatory statements were not “ clearly impertinent or beyond the scope of the issues involved ” (Spieler v. Gottesman, 12 A D 2d 894, affd. 11 N Y 2d 815) or “may possibly be pertinent ” (Andrews v. Gardiner, 224 N. Y. 440), they are absolutely privileged. ‘ ‘ A corollary of the pertinency rule is that the absolute privilege is afforded only to those publications made ‘ during the course of ’ or, stated differently, ‘ as part of ’, the judicial proceeding.” (Seltzer v. Fields, 20 A D 2d 60, 63, affd. 14 N Y 2d 624.)
In the Seltzer case the plaintiff stated in his brief that the complaint in the previous action (p. 64) “was left indiscriminately in mail boxes, shoved under doors and otherwise broadcast for the purpose of publication, but not for the prosecution of the action.” The court stated that “communications unconnected with the judicial proceeding are not cloaked with the absolute privilege (Burlingame v. Burlingame, 8 Cow. 141, 145; Note, Developments in the Law, Defamation, 69 Harv. L. Rev. 875, 922-924; see Prosser, Torts [2d ed.], pp. 610-611).” (See Owens v. Avery, N. Y. L. J., Aug. 13, 1964, p. 10, col. 6, affd. 23 A D 2d 722.) However, the court found that the allegations of unconnected publication were not sufficiently definite or informative and dismissed the complaint without prejudice to the institution of a new action, stating (p. 64) that “plaintiff accountant may, perhaps, be able to allege and prove a cause or causes of action based upon some unconnected publications.” The complaint in the instant case is sufficiently informative (CPLR 3016, subd. [a]; cf. Wesson v. Dullzell, 8 A D 2d 597) and it is the opinion of this court that the complaint states a cause of action.
*1018 With respect to the second and third grounds urged by defendants for dismissal of the complaint, it should be noted that none of the parties has submitted affidavits herewith: The notice of motion is accompanied solely by the instant complaint, the complaint in the Universal action, the cover letter and counsel’s brief. It is the opinion of this court that this is not such documentary evidence as will establish a defense under section 74 of the Civil Eights Law. Moreover, it cannot be stated as a matter of law that the publications complained of constituted a “ fair ” report of a judicial proceeding. (Civil Eights Law, § 74.) Privilege is a matter of defense to be pleaded and proved. (Ostrowe v. Lee, 256 N. Y. 36.) Accordingly, the motion is denied.