WAYNE CHAPPELLE et al., Respondents, *v.* GEORGE J. GROSS et al., Appellants.

First Department, November 3, 1966.

*Aaron H. Walowit* for appellants.

*Jacob W. Abraham* of counsel (*Abraham & Koenig,* attorneys), for respondents.

CAPOZZOLI, J. It is clear that the term malicious prosecution is used interchangeably to cover alleged wrongs perpetrated upon a person, whether same were accomplished by initiating a criminal proceeding against him, maliciously and without probable cause, or instituting a civil action in which, as an incident thereof, resort is had to a provisional remedy, such as arrest, attachment or injunction, maliciously and without probable cause, and which interferes with his person or property.

"An action for malicious prosecution is usually based upon an arrest in criminal proceedings, although it may be founded upon a civil action when commenced simply to harass and oppress the defendant. * * * Damages are rarely recovered, however, for the malicious prosecution of a civil action, unless person or property is interfered with by some incidental remedy, such as arrest, attachment or injunction." (*Burt* v. *Smith,* 181 N. Y. 1, 5.)

It is, of course, true, as is stated in the dissenting opinion, that, in this State, no action will lie for the bringing of a civil suit, improperly motivated. (*Burt* v. *Smith, supra.*)

" This rule, however, does not apply where an injunction or attachment has been issued or where there has been an order of arrest or some other provisional remedy given or where there has been some interference with the person or property of the defendant in connection with the bringing of the civil action." (*Sachs* v. *Weinstein,* 208 App. Div. 360, 365.)

The dissenting opinion expresses a doubt as to whether a filing of a *lis pendens* is the use of process as contemplated in the cases. There need be little doubt on this score because a number of cases have clearly established the principle that the use of *lis pendens* which interferes with one's power to sell the land against which the *lis pendens* is filed, when used maliciously and without probable cause, is actionable. (*Smith* v. *Smith,* 56 How. Prac. 316, 20 Hun 555, upon rearg. revd. 26 Hun 573 [because there had been no determination of the prior action upon which malicious prosecution was based]; *Schierloh* v. *Kelly,* 253 App. Div. 373; *Metromedia, Inc.* v. *Mandel,* 21 A D 2d 219.)

In *Smith* v. *Smith* (20 Hun 555, 559, *supra*) the court said: " The effect of the *lis pendens* is therefore notice to the world of an existing claim which was in this instance that the plaintiff was not the owner of the property, and it was resorted to not from any supposed right in the defendants to assail the plaintiff's ownership, but on mere malice and for an evil purpose. It would be extraordinary indeed if the plaintiff, under such circumstances, had no remedy, and that a proceeding created for a wise purpose and for good ends could be used by a suitor with malice aforethought, without incurring any personal responsibility."

In *Schierloh* v. *Kelly* (*supra,* p. 375) the court said: " A cause of action will lie for malicious prosecution by civil process when the plaintiff's person or property was the subject of interference in the prior action by provisional remedy such as arrest, attachment or injunction, *or otherwise.* (*Sachs* v. *Weinstein,* 208 App. Div. 360 * * *.) Taking the allegations in the complaint at their face, the *lis pendens* in each of the Kelly actions did interfere with plaintiff's property. Those actions terminated favorably to the defendants therein including the present plaintiff, by judicial action."

In *Metromedia, Inc.* v. *Mandel* (*supra,* p. 223) which involved a *lis pendens* filed against property in Missouri the court said: " Whatever might have been the motive or intent of defendants

in causing the *lis pendens* to issue, it cannot now be concluded that its use, in light of the action, was a perversion of process for an unlawful purpose. If there was wrong in the issuance of the process and malicious interference with the property of the plaintiff so as to constitute malicious prosecution, that can only be determined after trial of the action in Missouri [citing cases]. The pleading would have to claim interference with the person or property in connection with the bringing of the civil action, or by injunction, attachment, arrest or other provisional remedy (cf. *Sachs* v. *Weinstein,* 208 App. Div. 360)."

Not only is there judicial precedent for the proposition that *lis pendens* is a provisional remedy but there is also statutory authority to the same effect. CPLR 6001 lists the kinds of provisional remedies and reads in part as follows: "The provisional remedies are arrest, attachment, injunction, receivership and notice of pendency."

We agree that the use of a *lis pendens* in an action for specific performance is a proper legal device. It is equally settled that where a person uses this process, not to effect its proper function, but to accomplish through it some collateral object to the detriment or damage of another, he perverts the process and commits the tort of malicious prosecution. (*Hauser* v. *Bartow,* 273 N. Y. 370.) One must show want of probable cause and malice on the part of the alleged perpetrator of the wrong.

The complaint filed in this action sets forth the facts of the prior action, including the filing of the *lis pendens,* and its termination in favor of the plaintiffs. It also alleges that one of the defendants was a New York attorney and knew that he had no action for specific performance without a writing signed by the plaintiffs. The defendants falsely stated that there was a written agreement made between themselves and the plaintiffs, when, in fact, there was none. Further, the complaint sets forth that the institution of the suit, with its accompanying *lis pendens,* was willful, malicious and without probable cause, with intent to injure plaintiffs and to prevent them from conveying title to others with whom plaintiffs had a valid written contract of sale. The complaint then concludes with allegations of damages, including the loss of the sale to another.

The complaint clearly spells out a prima facie case of malicious prosecution (*Brown* v. *Simab Corp.,* 20 A D 2d 121) based on improper and perverted use of process and we should not dismiss it on the theory of insufficiency. It may be that the plaintiffs have a doubtful case, but they certainly have a right to a trial so that they may have an opportunity to establish the truth of their allegations.

Many times, whether there was probable cause to institute the prior action and the existence of malice can be determined as a matter of law.

"But where it is demonstrated that there is a dispute about either the true state of facts, or the inference to be drawn by a reasonable person from the facts which led to the prosecution, the uniform rule has been to require there be a factual resolution at a trial." (*Munoz* v. *City of New York,* 18 N Y 2d 6, 11. Also, see, *Long Is. Bottlers' Union* v. *Seitz,* 180 N. Y. 243.)

The case of *Munoz* v. *City of New York* (*supra,* pp. 11–12) discussed the decision of *Brown* v. *Simab Corp.* (*supra*) in the following language:

"A significant decision addressed to the law-fact problem in malicious prosecution is *Brown* v. *Simab Corp.* (20 A D 2d 121 [1963]). There the plaintiff had been indicted and acquitted on the charge of grand larceny based upon his having falsely represented that he had made a title search of property upon which a loan was made. A verdict was returned in the malicious prosecution action for plaintiff.

"This was set aside at the Appellate Division as against the weight of evidence largely on the basis of the documents in the case, but (and this is significant for the case before us) the court refused to dismiss the complaint 'because if the evidence is viewed in a manner most favorable to plaintiff Brown and his testimony may be deemed to be true, there would be a prima facie case, albeit a dubious one' (p. 124)."

In the case of *Bronstein* v. *Dayton Peninsula Corp.* (11 A D 2d 1036) cited in the dissenting opinion, the court specifically said: "On the other hand, if this action was commenced and prosecuted by plaintiff maliciously and without probable cause, there may be no recovery against him therefor unless and until this action has terminated in a manner not unfavorable to defendants." The court then held that a counterclaim for malicious prosecution could not be asserted in the action which, the counterclaimant contended, was being maliciously prosecuted.

Accordingly, the order appealed from should be affirmed, with costs and disbursements to abide the event.

STEUER, J. (dissenting). The defendant entered into negotiations with the plaintiff to buy the latter's house. When the plaintiff refused to convey the property, the defendant brought an action for specific performance. In that action a *lis pendens* was filed against the property, and the plaintiff here (defendant there) moved for summary judgment on the ground that no

writing signed by him evidenced the sale. The motion was denied, but on appeal it was reversed (*Gross* v. *Chappelle,* 21 A D 2d 679).

The instant action has been said to be for malicious prosecution and Special Term so described it. There is a lack of uniformity in the common-law jurisdictions as to whether an action will lie for the bringing of a civil suit improperly motivated or without belief of the person suing in the soundness of his claim (Prosser, Torts [3d ed.], § 114, p. 870). This State has always held to the principle that no cause of action accrues to the successful defendant (see *Burt* v. *Smith,* 181 N. Y. 1, 5; *Sachs* v. *Weinstein,* 208 App. Div. 360; *Paul* v. *Fargo,* 84 App. Div. 9). The reasoning behind such a stand has lost none of its cogency since the rule was last iterated. Our public policy is very strong in allowing access to the courts to all parties. Fear of reprisal beyond the imposition of costs should not be allowed to act as a deterrent. And even proof that costs will not make the defendant whole has not been allowed to overcome this policy (*Paul* v. *Fargo, supra*). Furthermore, it is undoubted that our policy of free access has placed a large and growing burden on our courts. If every successful defendant could turn around and sue the plaintiff and, by a liberal use of the word "malicious" state a cause of action, a never ending source of new litigation would have a forum. Questions once thought to have been put to rest could be relitigated almost without limit. Judgment should mark the conclusion of the disputes between the parties and not be an invitation to further litigation.

It is, of course, otherwise where a plaintiff invokes an attachment, an order of arrest or some other form of provisional remedy which interferes with the person or property of the defendant. This does give rise to a cause of action. But this is for malicious abuse of process. The distinction is more than one of nomenclature. In a true action for malicious prosecution, meaning one arising out of a criminal prosecution, the rule is that the action lies where the plaintiff can show that the prosecution was initiated without probable cause (*Halsey* v. *New York Soc.,* 234 N. Y. 1). In an action for malicious abuse of process the plaintiff's obligation is to show that he was damaged by the execution of the process and that the process was employed maliciously, that is, not for its legitimate purpose but to harm the plaintiff in the instant action (*Hauser* v. *Bartow,* 273 N. Y. 370; *Dean* v. *Kochendorfer,* 237 N. Y. 384). "If the process is employed from a bad or ulterior motive, the gist of the wrong is to be found in the uses which the party procuring the process to issue attempts to put it. If he is content

to use the particular machinery of the law for the immediate purpose for which it was intended, he is not ordinarily liable, notwithstanding a vicious or vindictive motive '' (Harper, Law of Torts, § 372, p. 593, quoted with approval in *Hauser* v. *Bartow, supra,* p. 373).

There is some doubt whether the filing of a *lis pendens* is the use of a process as contemplated, as a *lis pendens* is notice only and not a lien (*Hayes* v. *Nourse,* 114 N. Y. 595). *Smith* v. *Smith* (56 How. Prac. 316) is cited as an authority for the proposition that it is, but the holding is doubtful.* However, it is conceivable that the filing of a *lis pendens* could be held to be the use of process and hence the subject of abuse. Assuming this to be the case, it would be incumbent on one seeking to recover for the use of a *lis pendens* to show that it was used maliciously. It cannot be denied that a *lis pendens* is a proper legal device in an action for specific performance (CPLR art. 65) and in fact a necessary step if the action is not to be frustrated by a sale of the property before judgment (CPLR 6501).

To paraphrase the illustration used by the Court of Appeals in the *Hauser* case (see p. 374), if the defendant filed the *lis pendens* to prevent the sale of the property, he did not abuse the process and it makes no difference what his motive was; if he used it to extort money from the plaintiff, then he did not use it for the purpose intended by the law and he would be liable. And it has been held that the filing of a *lis pendens* without ulterior motive as so defined is not actionable (*Bronstein* v. *Dayton Peninsula Corp.,* 11 A D 2d 1036).

The complaint specifically alleges that the *lis pendens* was filed to prevent a conveyance during the pendency of defendant's action. As this is the purpose for which the so-called process is intended, the allegation negates plaintiff's cause of action and the complaint should have been dismissed. If the motion is regarded as one for summary judgment, the affidavits reveal an even more solid case for the defendants here. The original action grew out of a transaction which was agreed upon by parol. A close question was presented as to whether a deed had been executed and delivery intercepted when a better offer was received. Even were this action based on lack of probable cause, there is nothing in the affidavits to substantiate the conclusory adjectives in the complaint.

The complaint should be dismissed.

* The case was decided primarily on the ground that an action lies for malicious prosecution of a civil case. The reasoning was that in England the action lay until the introduction of costs. As costs in this State are inadequate, it should continue here. As indicated, this reasoning has not prevailed.

Breitel, J. P., and McNally, J., concur with Capozzoli, J.; Steuer, J., dissents in opinion in which Stevens, J., concurs.

Order, entered on March 11, 1966, affirmed, with $50 costs and disbursements to abide the event.