■ RICHARD H. WILLIAMS, Respondent, v. ROBERT W. WILLIAMS et al., Appellants.— In an action to recover damages for libel and other tortious conduct, defendants appeal from an order of the Supreme Court, Queens County, dated April 12, 1966, and entered in Nassau County April 15, 1966, which denied their motion to dismiss the complaint pursuant to CPLR 3211. Order affirmed, with $10 costs and disbursements. Liberally construed, the first cause of action alleges that defendant Robert W. Williams caused a corporation to institute a false, defamatory action against plaintiff, not with the intention of prosecuting it as a lawsuit, but solely for the purpose of ruining plaintiff's business reputation by widespread publication of the accusations made against plaintiff in that action; and that both defendants accomplished such improper purpose by deliberately and maliciously mailing copies of the defamatory complaint to many others in plaintiff's trade. In our opinion, such allegations sufficiently plead abuse of process, since they charge the misuse of legal process to accomplish an improper, collateral purpose (*Dean* v. *Kochendorfer*, 237 N. Y. 384; *Hauser* v. *Bartow*, 273 N. Y. 370, 373–374). Further, if it were assumed *arguendo* that such allegations do not plead the classic tort of abuse of process, we would nevertheless hold that they sufficiently spell out a cognizable tort for which the law will provide a remedy (see *Halio* v. *Lurie*, 15 A D 2d 62; *Keller* v. *Butler*, 246 N. Y. 249, 254). The second cause of action, repeating the allegations of the first, is couched in the form of an ordinary libel action. Defendants contend that it is insufficient on its face because their mailing of the complaint to numerous persons in the trade was nothing more than "a fair and true report" of a judicial proceeding, which is protected by section 74 of the Civil Rights Law. We disagree. In our opinion, the protection of that statute does not extend to a case where an action is brought solely for the purpose of ruining a person's reputation, and the defamatory complaint in that action is then with malice widely circulated by the defamer himself (here, with a codefendant) in order to accomplish such improper purpose. Such publication of the complaint is not "a fair and true report" of a judicial proceeding within the ambit of the statute. Nor is it a publication "connected with the litigation" or "during the course of" or "as part of" a judicial proceeding. On the contrary, it is an excessive unconnected publication which is not cloaked with either a statutory or a common-law privilege (see *Seltzer* v. *Fields*, 20 A D 2d 60, 63–64, affd. 14 N Y 2d 624). Defendants cite *Lewis* v. *Chemical Foundation* (262 N. Y. 489) and *Oglesby* v. *Cranwell* (250 App. Div. 720) as authority

for the contention that their publication of the defamatory complaint was privileged. Both are distinguishable from the case at bar. In *Lewis*, the primary publication of the slanderous statements made in a judicial proceeding was a story in a newspaper. That publication was, of course, a privileged "fair and true report" of a judicial proceeding; and the slanderer (the defendant in the *Lewis* action) merely republished the "fair and true report" in the newspaper by mailing copies of the newspaper to many persons. Far different is the case at bar, where there was never any "fair and true report" of the defamatory action by disinterested outsiders, but only the primary and sole publication of it by defendants' malicious mailing, to numerous persons in the trade, of the complaint which defendant Williams had himself induced. *Oglesby* (*supra*) was a motion to strike out several defenses pleaded in an answer. One of the assailed defenses pleaded privilege based upon a fair and true report of a judicial proceeding. Examination of the record in that case discloses that the defendant had brought a fraud action against the plaintiff and had then written a newspaper story describing the fraud action. Pleading the defense of privilege, the defendant alleged that the newspaper story was a fair and true report of a judicial proceeding, published in good faith, without malice and with reasonable cause to believe that the public was interested in the facts. We held that this defense was sufficient as a matter of pleading, primarily because of the allegation that the publication was in good faith and without malice. On the other hand, the case at bar involves a motion to dismiss the complaint before answer. There are before us no allegations by defendants that they published the complaint against plaintiff in good faith and without malice. On the contrary, all that the record contains is a complaint replete with allegations that defendants published the complaint against plaintiff maliciously and in bad faith. Clearly, *Oglesby* (*supra*) is not authority for a holding that such a complaint is insufficient as a pleading. We conclude that each cause of action at bar is sufficient on its face and that the Special Term correctly denied defendants' motion to dismiss the complaint. Ughetta, Rabin and Benjamin, JJ., concur; Beldock, P. J., and Hopkins, J., dissent and vote to reverse the order and grant the motion, with leave to plaintiff to replead, and with the following memorandum: For a first cause of action, plaintiff alleges that, for the purpose of destroying his business reputation, defendant Robert W. Williams caused a corporation to commence an action against him (plaintiff in the instant action) and others upon maliciously false charges of misappropriation of the corporation's funds and trade secrets, breaches of covenants against competition and solicitation of the corporation's customers and employees; and that, in further execution of said purpose, both defendants thereafter mailed copies of the complaint in that action to persons in the trade in which plaintiff is engaged, informing them of the commencement of the action against him. For a second cause of action, plaintiff alleges, in substance, that defendants' publication of said complaint was libelous. In our opinion, plaintiff's complaint in the present action, to which is annexed the complaint allegedly published by defendants, fails to state a cause of action either for abuse of process or for libel (*Hauser* v. *Bartow*, 273 N. Y. 370; 1 Harper & James, Law of Torts, § 4.9; *Lewis* v. *Chemical Foundation*, 262 N. Y. 489; *Oglesby* v. *Cranwell*, 250 App. Div. 720; Civil Rights Law, § 74; 1 Seelman, Law of Libel and Slander [rev. ed.], par. 211). In *Ferguson* v. *Arnow* (142 N. Y. 580, 583), Earl, J., stated: "Public policy requires that parties may freely enter the courts to settle their grievances". In our opinion, the majority's characterization of defendants' alleged conduct as tortious tends to weaken that fundamental policy of free access to our courts. (Cf. *Chappelle* v. *Gross*, 26 A D 2d 340.) In any event, assuming that, without more, an action will lie for the

malicious prosecution of a civil action, plaintiff's first cause of action is nevertheless legally insufficient. He has not alleged that the action prosecuted against him has been terminated in his favor (3 Restatement, Torts, § 674; see, 1 Harper & James, Law of Torts, § 4.8). [49 Misc 2d 1016.]