■ EMIL MULLER et al., Respondents, v STAR SUPERMARKETS, INC., Appellant.—Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Defendant (Star Supermarkets, Inc.) appeals from the denial of its motion to dismiss plaintiffs' complaint under CPLR 3211 (subd [a], par 7) and from the denial of its alternative motion for summary judgment under CPLR 3212. Star contracted with Panorama Development Company to operate a supermarket in Panorama Plaza. By the terms of the lease entered into by the parties in 1958, Panorama agreed that there would be only one other supermarket in the plaza and that no adjoining or adjacent land owned or controlled by lessor Panorama would be used for a supermarket. Upon learning that Emil Muller, the majority shareholder in Panorama, had applied to the Planning Board of the Town of Penfield for approval of a commercial building to contain a supermarket on premises adjacent to the plaza, Star commenced an action in 1973 for declaratory judgment and permanent injunction against Panorama and the plaintiffs herein. Emil Muller's affidavit in support of a motion to dismiss revealed that Panorama had transferred the plaza to Emil Muller in 1962, and that he, in turn, had transferred the property in 1963 to 2215 Seneca, Inc. Star's action for declaratory judgment and injunctive relief was dismissed on March 3, 1974. Thereafter the instant action was commenced by Muller alleging malicious prosecution and tortious interference with contract. Plaintiffs claim that in early 1973 they entered into negotiations to lease property to Niagara Frontier Services, Inc. (NFS) and that defendant Star maliciously and without probable cause commenced its action against plaintiffs to enjoin them from operating a supermarket on the property. Muller further claims that defendant Star urged NFS to cease its negotiations for a lease with plaintiffs. On April 10, 1973 NFS suspended negotiations with plaintiffs pending the outcome of Star's action against plaintiffs Muller. NFS's Title Insurance Company listed the pending action between defendant and plaintiffs as an exception to good title as a result of which plaintiffs were unable to lease the property to NFS as originally agreed upon, but Muller was able to sell the premises to NFS on July 2, 1974 on considerably less favorable terms. Star contends and we agree that it had probable cause to commence its action against plaintiffs and since it never did obtain a provisional remedy or notice of pendency, plaintiffs do not have a cause of action against Star for malicious prosecution *(Williams v Williams,* 23 NY2d 592, *Chappelle v Gross,* 26 AD2d 340). Further, plaintiffs also failed to state a cause of action for abuse of process absent a showing that regularly used process was perverted by Star to the accomplishment of an improper purpose. Special Term incorrectly denied

Star's motion to dismiss the plaintiffs' complaint insofar as it alleged an abuse of process and malicious prosecution. In their other cause of action plaintiffs allege that Star tortiously interfered with the contract and business relationship between them and NFS. Plaintiffs claim that they would have completed contract negotiations had not defendant prevented them by its tortious conduct. Without determining the merits of plaintiffs' claim, we conclude that the complaint states a cause of action for interference with contract and presents triable issues of fact which properly precluded Special Term from granting defendant's motion to dismiss or for summary judgment. Star's claimed defense of privilege presents a fact issue to be determined at trial, where plaintiffs must establish malice in order to succeed *(Felson v Sol Cafe Mfg. Corp.,* 24 NY2d 682). (Appeal from order of Monroe Special Term denying motion to dismiss complaint.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.