■ In the Matter of STEFANEL TYESHA C. LESLIE C.; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK— Leave to appeal to the Court of Appeals and for continuation of assigned counsel granted as indicated. *(See, Matter of Sebastian M.,* 164 AD2d 852 [decided herewith].) Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.

■ In the Matter of SEBASTIAN M. ALEXANDRA B.; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK—Leave to appeal to the Court of Appeals and for continuation of assigned counsel granted as indicated. *(See, Matter of Stefanel Tyesha C.,* 164 AD2d 852 [decided herewith].) Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.

SECOND DEPARTMENT, AUGUST, 1990

(August 6, 1990)

■ 1090 JERICHO CORP., Respondent, v MARTIN ELIAS et al.,

Defendants, and COUNTY OF SUFFOLK et al., Appellants.—In an action, *inter alia,* to recover damages for tortious interference with business relations, the defendants County of Suffolk and Suffolk County Department of Health Services appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered June 21, 1988, as denied that branch of their cross motion which was to dismiss the fifth, sixth, eighth, ninth and tenth causes of action asserted in the amended complaint.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the appellants' cross motion which was to dismiss the fifth cause of action asserted in the amended complaint, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff leases premises on which it intended to operate an automotive radiator installation and repair business. It appears that, before the plaintiff opened for business, the defendant Suffolk County Department of Health Services (hereinafter the Department) received complaints about the possibility that toxic materials were illegally stored at the premises. In the late summer and fall of 1986, Department officials made some inspections of the premises, but the plaintiff thereafter refused access. In October 1986 the Department obtained an access and inspection warrant from the Supreme Court, Suffolk County, and an Assistant District Attorney obtained a search warrant from the District Court, Suffolk County. Upon execution of the warrants, an inspection took place and a truck and certain drums allegedly containing toxic materials were seized. No criminal charges or civil proceedings were instituted against the plaintiff, which apparently never opened for business and which thereafter commenced this litigation.

In addition to seeking damages from its landlord and a codefendant to whom it assigned responsibility for any toxic materials at the site, the plaintiff named the County of Suffolk and the Department as defendants. The causes of action which are the subject of this appeal are lodged against the county defendants jointly. The factual allegations interposed against the county defendants are that the Department obtained the access and inspection warrant "on the basis of knowingly false and misleading" affidavits and that the County of Suffolk obtained the search warrant "on the basis of knowingly false and misleading" affidavits. It is also claimed that during the

search and seizure, the county defendants, with malevolent intent, interfered with the plaintiff's legitimate business affairs and disrupted its normal operations, that they failed to properly reseal opened drums and that they thereafter furnished unfavorable information to the news media concerning the incident.

In response to a motion by the plaintiff which is not at issue on this appeal, the County defendants sought, *inter alia,* dismissal of each of the causes of action interposed against them. Although issue has been joined *(see,* CPLR 3212), the application insofar as is here pertinent was addressed only to the legal sufficiency of the causes of action *(see,* CPLR 3211 [a] [7]; *see also, Rovello v Orofino Realty Co.,* 40 NY2d 633; *cf., Guggenheimer v Ginzburg,* 43 NY2d 268). Five of the six causes of action interposed against the county defendants survived scrutiny by the Supreme Court. We do not reach the underlying merits of the amended complaint. However, despite the liberal construction to be accorded to the amended complaint, and although it is sufficient to sustain common-law tort causes of action, we conclude that the cause of action premised on violation of constitutional rights must be dismissed.

In what is denominated its fifth cause of action, the plaintiff claims the county defendants violated its right, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable searches and seizures, and that, therefore, it is entitled to monetary relief pursuant to 42 USC § 1983. While a municipality is a "person" within the meaning of that statute *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658; *see also, Pembaur v City of Cincinnati,* 475 US 469), it nonetheless is not to be held liable under the statute for the deeds of its employees solely on the basis of respondeat superior *(see, Monell v New York City Dept. of Social Servs., supra,* at 690-691, 694; *see also, Privitera v Town of Phelps,* 79 AD2d 1, 7). Rather, the injuries of which a plaintiff seeking relief pursuant to 42 USC § 1983 complains must be those inflicted pursuant to an official municipal custom or policy. Although the Supreme Court ruled otherwise, the complaint here contains no assertions that the alleged knowing reliance on false and misleading affidavits constitutes an official county policy or that a claimed determination to do so in this case was the decision of a county policymaker *(see, Pembaur v City of Cincinnati, supra)* and there are no facts on which to premise an inference that the claimed constitutional injuries were anything

other than injuries inflicted solely by employees. The Supreme Court therefore should have dismissed the fifth cause of action.

With respect to the common-law causes of action at issue, i.e., those grounded in tortious interference with business relations, abuse of process, trespass to land, and, apparently, trespass to chattels, we agree with the Supreme Court that they must presently remain viable. Given the posture of the motion as made and because we must take the allegations of the complaint to be true (see, Pace v Perk, 81 AD2d 444, 449), each of the theories is sufficiently supported to mandate denial of the motion as made (see, Pace v Perk, 81 AD2d 444, 449, supra; see also, Della Pietra v State of New York, 125 AD2d 936, affd 71 NY2d 792; Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397; Roberts v Pollack, 92 AD2d 440, 441; Williams v Williams, 27 AD2d 550; see generally, Fischer v Langbein, 103 NY 84, 89; Day v Bach, 87 NY 56, 60; cf., Siegel v Northern Blvd. & 80th St. Corp., 31 AD2d 182; Bornstein v Levine, 7 AD2d 843). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.